UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MLSF LLC, as assignee of DUKES BRIDGE LLC and STANLEY MILLER, Trustee of the TPSC Corporation Irrevocable Life Insurance Sub-Trust, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 10-10877-DPW |
| GILBERT D. BEINHOCKER, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR TRUSTEE PROCESS ATTACHMENT
[Docket No. 150]

June 10, 2019

Boal, M.J.

Plaintiff MLSF LLC as assignee of Dukes Bridge, LLC has moved for a trustee process attachment on defendant Gilbert D. Beinhocker's bank accounts with Bank of America and Chase Manhattan Bank. Docket No. 150.[1] For the following reasons, I recommend that Judge Woodlock grant the motion, which is unopposed.[2]

Rule 69(a)(1) of the Federal Rules of Civil Procedure provides, in relevant part:

---

[1] Judge Woodlock referred the motion to the undersigned on May 16, 2019. Docket No. 152.

[2] Post-judgment motions may be referred to magistrate judges pursuant to 28 U.S.C. § 636(b)(3). See Conetta v. Nat'l Hair Care Centers, Inc., 236 F.3d 67, 74 (1st Cir. 2001). A de novo standard of review is generally applied to rulings on matters referred to magistrate judges under 28 U.S.C. § 636(b)(3). See id. In addition, a motion for an attachment arguably involves injunctive relief, which is specifically excluded from the authority of a magistrate judge to determine. Dafeng Hengwei Textile Co., Ltd. v. Aceco Indus. & Commercial Corp., No. CV-13-5829, 2014 WL 3889986, at *1, n. 1 (E.D.N.Y. Aug. 7, 2014).

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution–and in proceedings supplementary to and in aid of judgment or execution–must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). Courts "consistently read Rule 69(a) as limiting all federal process on money judgments to the type of process available under state law." Gabovitch v. Lundy, 584 F.2d 559, 561 (1st Cir. 1978).

In Massachusetts, trustee process is governed by Massachusetts General Laws Chapter 246 and implemented by Rule 4.2 of the Massachusetts Rules of Civil Procedure. In order to approve a trustee process attachment, the court must find the existence of a "reasonable likelihood that the plaintiff will recover judgment in an amount equal to or greater than the amount of the trustee process over and above any liability insurance known or reasonably believed to be available . . ." Mass. R. Civ. P. 4.2(g).

"Although pre-judgment attachment is the norm, 'there appears to be no prohibition against a plaintiff seeking approval of a trustee attachment *after* judgment has been entered.'" Latorraca v. Taniki Fin. Corp., No. 08-2477, 2010 WL 3245365, at *2 (1st Cir. Aug. 18, 2010) (quotation omitted) (emphasis in original) (unpublished opinion). Rule 69 does not prohibit the Court from utilizing state procedures in aid of execution; indeed, it directs the Court to follow the procedures of the state where the Court is located. Fed. R. Civ. P. 69(a)(1). For example, under Rule 69, "this court regularly hears supplementary process or debtor examination proceedings with the power to order a debtor to pay according to his ability." Commercial Printers of Connecticut v. Letter-Men Publishing Co., No. 86-3485-WD, 1988 WL 45402, at *3 (D. Mass. May 5, 1988).

Here, the Plaintiff has obtained a judgment against Beinhocker in the amount of $938,920.08 with post judgment interest at 13% on a daily balance computed on the basis of a 365-day year for actual days elapsed.  As of March 31, 2019, pursuant to the plaintiff, there remains a balance due and owing by Beinhocker in the amount of $1,000,785.93.  Docket No. 150-2 at 2.  In addition, Plaintiff's counsel has averred that he is not aware of the existence of any insurance that would be available to satisfy the judgment.  Id.  Therefore, Plaintiff has made the showing necessary for a trustee process attachment.

Accordingly, I recommend that Judge Woodlock grant MLSF's motion for a trustee process attachment and issue an appropriate order.

REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal  
JENNIFER C. BOAL  
United States Magistrate Judge